# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL LONG, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-286-RAW-SPS |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, [1] | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The claimant Christopher Michael Long requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-four years old at the time of the most recent administrative hearing (Tr. 37). He has a high school education and has worked as a warehouse worker and delivery driver (Tr. 38-39, 48). The claimant alleges that he has been unable to work since December 29, 2014 due to arthritis in his feet and memory loss (Tr. 235).

## Procedural History

In December 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 195-99). His applications were denied. ALJ Joseph Liken conducted an administrative hearing on June 6, 2016 (Tr. 53-76). ALJ Thomas John Wheeler conducted a supplemental hearing on May 16, 2017 and determined that the claimant was not disabled in a written opinion dated June 8, 2017 (Tr. 15-52). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a limited range of light work, *i. e.,* he could lift/carry twenty pounds occasionally and ten pounds frequently;

sit six hours total in an 8-hour workday; walk and/or stand a total of two hours in an 8-hour workday; frequently reach, handle, finger, and operate a motor vehicle; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, use foot controls, and feel; but could never crawl or climb ladders, ropes, and scaffolds (Tr. 21). As to environmental limitations, the ALJ found the claimant could frequently tolerate exposure to humidity and wetness, dusts, odors, fumes, pulmonary irritants, extreme heat or cold, and vibration, and could occasionally tolerate exposure to unprotected heights and moving mechanical parts (Tr. 21). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *e. g.*, final assembler, document preparer, and table worker (Tr. 25-27).

## Review

The claimant alleges error because the ALJ: (1) did not discuss how the evidence supports his RFC determination, (2) did not properly evaluate his subjective symptoms, (3) did not include all of his limitations in the hypothetical question posed to the vocational expert ("VE"), and (4) was not validly appointed at the time he rendered his decision.[3] The undersigned Magistrate Judge agrees that the ALJ failed to properly evaluate the claimant's subjective symptoms, and the Commissioner's decision should therefore be reversed.

---

[3] The undersigned Magistrate Judge declines to address the issue of the ALJ's appointment in light of the finding that this case should be reversed and remanded on another basis as described below.

The ALJ found the claimant had the severe impairments of osteoarthritis and obesity, but that his alleged organic mental disorder was not medically determinable (Tr. 17-18).  The relevant medical evidence reveals that Dr. Thomas Salyer treated the claimant for, *inter alia,* osteoarthritis in his feet on three occasions between August 2014 and January 2015 (Tr. 337-47).  At these appointments, Dr. Salyer consistently noted that the claimant had decreased range of motion in his feet due to pain (Tr. 338, 341, 346).  Dr. Salyer also noted that the claimant's gait was "affected by a limp and slowed" on two occasions and that he seemed to be in moderate pain once (Tr. 338, 341, 346).  Dr. Salyer's examinations were otherwise normal (Tr. 337-47).

State agency physician Dr. Larry Ressler completed an RFC assessment on June 9, 2015 and found that the claimant could perform the full range of light work (Tr. 84-85).

On July 19, 2016 Dr. Subramaniam Krishnamurthi conducted a physical consultative examination of the claimant and completed a Medical Source Statement ("MSS") concerning his ability to do physical work-related activities (Tr. 350-62).  Dr. Krishnamurthi noted that the claimant was limping on the left leg and had slight difficulty sitting on the examination table due to pain in his feet (Tr. 350).  He found the claimant had a slow and stable gait as well as full range of motion in both of his lower extremities, including his hips, knees, and ankles (Tr. 350-51, 359).  Dr. Krishnamurthi opined that the claimant could frequently lift/carry up to ten pounds, occasionally lift/carry eleven to twenty pounds, sit for two hours at a time for eight hours total in an eight-hour workday, stand between ten and thirty minutes at a time for one hour total in an eight-hour workday, and walk between ten and thirty minutes at a time for one hour total in an eight-hour

workday (Tr. 352-53). Dr. Krishnamurthi further opined the claimant could frequently use his hands for reaching, handling, fingering, feeling, pushing, and pulling, and could frequently use his feet for the operation of foot controls (Tr. 354). As to postural activities, Dr. Krishnamurthi stated the claimant could occasionally climb stairs and ramps, balance, stoop, kneel, and crouch, but could never crawl or climb ladders and scaffolds (Tr. 355). Dr. Krishnamurthi also found the claimant could tolerate frequent exposure to operating a motor vehicle, humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibrations, and occasional exposure to unprotected heights and moving mechanical parts (Tr. 356).

At the most recent administrative hearing, the claimant testified that he was unable to work due to pain and numbness in his legs and feet that prevents him from standing for long periods of time and causes him to fall (Tr. 40-42). The claimant stated he has constant pain and he rated it at eight on a ten-point scale (Tr. 42). He indicated that he alleviates some of his pain by elevating his feet for an hour and taking ibuprofen (Tr. 41-42). The claimant further testified that he uses a cane, but had not been prescribed to do so, and that he last saw a doctor approximately a year earlier (Tr. 41, 43). As to specific limitations, the claimant stated he could sit for one hour before needing to stand and/or walk for thirty minutes to "get the feeling back" in his legs (Tr. 40-41).

In his written opinion, the ALJ thoroughly summarized the medical evidence in the record, as well as the claimant's function report and testimony at the administrative and supplemental hearings (Tr. 18-20, 22-24). In discussing the claimant's subjective statements, the ALJ found the claimant's description of symptoms was sincere, appeared

to be genuine, and was consistent with a perception of disability, but that "the intensity, persistence and limiting effects of [these symptoms] are in excess of those that can be reasonably supported based on the objective and subjective evidence of record, as detailed in this decision." (Tr. 24). The ALJ then recited the following boilerplate language:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to produce the above-alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

(Tr. 24).

The Commissioner uses a two-step process to evaluate a claimant's subjective statements of pain or other symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second . . . we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . .

Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *3 (October 25, 2017).[4] Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation as a three-part test. *See e. g., Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166-67 (10th Cir.

---

[4] SSR 16-3p is applicable for decisions on or after March 28, 2016, and superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1. SSR 16-3p eliminated the use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of [a claimant's] character." *Id.* at *2.

2012), citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).[5]  As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures the claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations.  *See* Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *7-8.  An ALJ's symptom evaluation is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole.  *See Casias,* 933 F.2d at 801.  An ALJ's findings regarding a claimant's symptoms "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted].

The claimant contends, *inter alia*, that the ALJ failed to consider the factors set forth above when evaluating his subjective statements and improperly discounted such statements with boilerplate language that did not explain the reasons for his findings.  The

---

[5]  Analyses under SSR 16-3p and *Luna* are substantially similar and require the ALJ to consider the degree to which a claimant's subjective symptoms are consistent with the evidence.  *See, e. g., Paulek v. Colvin*, 662 Fed. Appx. 588, 593-4 (10th Cir. 2016) (finding SSR 16-3p "comports" with *Luna)* and *Brownrigg v. Berryhill,* 688 Fed. Appx. 542, 545-46 (10th Cir. 2017) (finding the factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms in 16-3p are similar to those set forth in *Luna*).  The undersigned Magistrate Judge agrees that Tenth Circuit credibility analysis decisions remain precedential in symptom analyses pursuant to SSR 16-3p.

undersigned Magistrate Judge agrees. Although the ALJ examined the evidence of record and outlined the appropriate process for evaluating the claimant's pain and other symptoms in his decision, he did not mention or discuss any of the factors set forth in SSR 16-3p and 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and further failed to apply those factors to the evidence. The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but simply "recit[ing] the factors" is insufficient, *See* Soc. Sec. Rul. 16–3p, 2017 WL 5180304 at *10, and here the ALJ did not even do that. Additionally, although boilerplate language is disfavored, it "is problematic only when it appears in the absence of a more thorough analysis.'" *Keyes-Zachary*, 695 F.3d at 1170, *quoting Hardman v. Barnhart*, 362 F.3d 676, 678-679 (10th Cir. 2004). In this case, the ALJ's boilerplate language indicates the reasons for his findings are both "detailed in this decision" and "explained in this decision"; however, the ALJ did not thereafter conduct any further analysis of the claimant's subjective symptoms. Thus, the ALJ wholly failed to explain his boilerplate conclusion with affirmative links to the record, and his analysis of the claimant's subjective symptoms was defective. *See, e. g., Hardman,* 362 F.3d at 678-81; *see also Kepler,* 68 F.3d at 391 (the ALJ must "explain why the specific evidence relevant to each factor led him to conclude the claimant's subjective complaints were not credible.").

Because the ALJ failed to properly analyze the claimant's subjective statements of pain and other symptoms, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis. If the ALJ's subsequent analysis results in any

changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 26th day of February, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**